# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Petitions of : 
Brian A. Gordon as a Democratic : 
Candidate for Congress in the 2nd : 
Congressional District : 
                                       :     No. 112 M.D. 2016
Petition of: Pamela Gabell and : 
John Packard : 

## **O R D E R**

AND NOW, this 28th day of April, 2016, IT IS HEREBY ORDERED that the above-captioned Memorandum and Order filed March 18, 2016, shall be designated OPINION rather than MEMORANDUM AND ORDER and it shall be reported.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Petitions of : 
Brian A. Gordon as a Democratic : 
Candidate for Congress in the 2nd : 
Congressional District : 
                                             :    No. 112 M.D. 2016
Petition of: Pamela Gabell and :    Heard: March 17, 2016
John Packard : 

**BEFORE:**      **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**                       **FILED: March 18, 2016**

Before the Court is the Petition of Pamela Gabell and John Packard (Objectors) to Set Aside the Nomination Petition of Brian A. Gordon (Candidate) as a candidate for the Democratic Party Nomination for Representative in the United States Congress for the 2nd Congressional District. An evidentiary hearing was held in this matter on March 17, 2016. Following an evidentiary hearing, I must deny the Petition to Set Aside for the reasons stated in open court.

Specifically I rejected, based on *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182 (1999), *Morrill v. Weaver*, 224 F.Supp.2d 882 (E.D. Pa. 2002), and *In re: Stevenson*, 40 A.3d 1212 (Pa. 2012), the challenges to pages 25, 42-43 and 117 (circulator not registered to vote); pages 35-36, 39-41 and 44 (circulator registered outside the District); pages 88-92 (circulator not registered at address). I allowed amendment to pages 57-59 and 67-73 (circulator entered his county of residence in his affidavit rather than the county in which the pages were

circulated). I also rejected the challenges to page 12 (circulator signed "Wm Leopold" rather than "William Leopold" and signed in cursive on the line designated for printing as well as the signature line). Finally, I rejected the circulator challenge to page 63, in which the circulator collected nine signatures in Philadelphia and two in Montgomery County and wrote "Montgomery/Philadelphia" as the county of the signing electors' residences. Thus, the affidavit was accurate, although that begs the question whether a single page of a nomination petition may cross county lines when, as here, the legislative district does so. Nonetheless, had we gotten to line challenges, I would have stricken the two Montgomery County signatures because the petition states, "We, the undersigned, all of whom severally declare that we are qualified electors of the *County* and of the political district set forth above..." The political district set forth was "2nd Congressional District," in which all signing electors appeared, indeed, to reside, but the "County of signers" set forth was "Philadelphia 51," where, presumably, the Montgomery County electors did not.

Based on these rulings, the parties stipulated that, should these rulings be sustained on appeal, or should there be no appeal, Mr. Gordon had sufficient signatures to remain on the ballot.

**NOW**, **THEREFORE**, this 18th day of March, 2016, it appearing that the Candidate has sufficient valid signatures on his nomination petitions, it is hereby **ORDERED** that the Petition to Set Aside is **DENIED**.

The Secretary of the Commonwealth is directed to certify Brian A. Gordon as a candidate for the Democratic Party Nomination for Representative in the United States Congress for the 2nd Congressional District in the Primary Election of April 26, 2016. The Chief Clerk of the Commonwealth Court is

2

directed to send a copy of this Order to the Secretary of the Commonwealth.  Each party shall bear his own costs.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge