**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3778
_____


ROQUE DE LA FUENTE, a/k/a Rocky,

         Appellant

v.

PEDRO A. CORTES, in his official capacity as the Secretary of the Commonwealth of
Pennsylvania; JONATHAN M. MARKS, in his official capacity as Commissioner of the
Bureau of Commissions, Elections, and Legislation


_____


Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-16-cv-01696)
District Judge: Honorable John E. Jones III
_____



Submitted under Third Circuit L.A.R. 34.1(a)
July 10, 2018


Before: SHWARTZ, NYGAARD, and RENDELL, <u>Circuit Judges</u>



(Opinion filed:  August 7, 2018)

_____

O P I N I O N[*]
_____

**RENDELL**, *Circuit Judge*

Appellant, Roque "Rocky" De La Fuente, lost the 2016 United States Presidential Election and avers that he will run again in 2020. After his defeat in Pennsylvania's Democratic primary in 2016, the state's "sore loser" laws prevented him from running as an Independent. Appellant sued state election officials in their official capacities, arguing that Pennsylvania's sore loser and disaffiliation provisions, as well as the registration requirement for petition circulators, are unconstitutional. On appeal, Appellant challenges the District Court's dismissal of his claims. For the following reasons, we will affirm.

## I. BACKGROUND

### A. Facts

Appellant is a registered member of the Democratic Party who unsuccessfully ran for President of the United States in 2016. After losing the Democratic Primary Election, Appellant submitted nomination papers to be placed on Pennsylvania's 2016 General Election ballot for President as an Independent candidate. The Commonwealth rejected Appellant's nomination papers pursuant to the Pennsylvania Election Code's "sore loser" provisions. These statutes bar any unsuccessful candidate in a party's Primary from

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

running in the General Election as an Independent in the same election year. 25 Pa. Stat. & Cons. Stat. Ann. §§ 2911(e)(5), 2911(e)(6) & 2911.1.[1]

To be placed on the primary ballot of a major political party in Pennsylvania, a candidate must obtain 2,000 signatures from registered voters who are members of that party. *Id.* §§ 2867 & 2872.1. The individuals who circulate the petitions must be registered voters and members of the same political party as the candidate. *Id.* § 2869(a).[2] In addition, § 2869(a), as written, requires that a circulator reside in the same

---

[1] The Pennsylvania Election Code allows two ways for a candidate to be placed on the General Election Ballot: (1) as the nominee of a major political party after winning the party's primary, 25 P.S. §§ 2831(a) and 2861–83; or (2) as an independent candidate or the designated candidate of a minor political body after obtaining the requisite signatures on nomination papers. 25 P.S. § 2911. The Election Code does not permit a candidate both options in the same election cycle. 25 P.S. § 2911(e)(5) and (e)(6) provide in relevant part:

> There shall be appended to each nomination paper offered for filing an affidavit of each candidate nominated therein, stating…(5) that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed for any such office; (6) that in the case where he is a candidate for election at a general or municipal election, he was not a registered and enrolled member of a party thirty (30) days before the primary held prior to the general or municipal election in that same year.

Section 2911.1, together with § 2911(e)(6) are understood as the disaffiliation provisions. Section 2911.1 provides: "Any person who is a registered and enrolled member of a party during any period of time beginning with thirty (30) days before the primary and extending through the general or municipal election of that same year shall be ineligible to be the candidate of a political body in a general or municipal election held in the same year."

[2] "Each [nomination petition] shall have appended thereto the affidavit of the circulator of each sheet, setting forth--(a) that he or she is a qualified elector duly registered and

3

political district as the office being sought.  However, in *Morrill v. Weaver*, the United States District Court for the Eastern District of Pennsylvania held that a similar residency requirement for minor political parties and bodies, § 2911(d), was unconstitutional.  224 F. Supp. 2d 882, 885 (E.D. Pa. 2002).  After a similar action was brought challenging the residency requirement for circulators of nomination petitions, the Pennsylvania Secretary of the Commonwealth advised that it would not enforce the requirement, and the challenger dismissed his case.  *See Notice of Dismissal*, *Villa v. Aichele*, No. 2:13-cv-06374 Doc. 3 (E.D. Pa. Dec. 31, 2013).  The Secretary has publicly amended the nomination petition instructions to state explicitly that the residency requirement will not be enforced.  Revised Form of Nomination Petitions and Instructions, 44 Pa.B. 862 (February 8, 2014); *cf. In Re: Nomination Petitions of Brian A. Gordon*, 141 A.3d 612, 623 (Pa. Commw. 2016) (rejecting objectors' residency-based challenges to nomination petitions).

Appellant alleges that during his 2016 campaign, registered Republican voters were prevented from circulating his nomination petitions under 25 Pa. Stat. & Cons. Stat. Ann. § 2869(a).  In addition, he avers that unregistered qualified electors were similarly prohibited from circulating petitions pursuant to §§ 2869(a) and 2911(d).  *Id.*  Appellant has announced his intention to run in the Democratic Presidential Primary in 2020.  He has also maintained that if he is unsuccessful in the Primary, he intends to run as an

---

enrolled as member of the designated party of the State, or of the political district, as the case may be . . . ."  25 Pa. Stat. & Cons. Stat. Ann. § 2869(a).

4

Independent candidate in the 2020 General Election.[3]  He intends to employ the same professional circulators in Pennsylvania that he used in 2016.

### B. Procedural History

After Pennsylvania refused to place his name on the ballot, Appellant brought a civil action challenging the constitutionality of Pennsylvania Election Code's sore loser and disaffiliation provisions and the provisions of the Election Code that limit who can circulate nomination petitions for candidates for the Democratic Primary Election.  The named defendants, in their official capacities, were Pedro Cortes, the Secretary of the Commonwealth, as well as Jonathan Marks, the Commissioner of the Bureau of Commissions, Elections, and Legislation for the Pennsylvania Department of State. ("Election Officials").  Appellant sought an order of mandamus to require the Election Officials to place his name on the ballot as an Independent candidate for President for Pennsylvania's 2016 General Election.

The District Court stayed the action under the *Pullman* abstention doctrine, *R.R. Comm'n of Tex. v. Pullman*, 312 U.S. 496 (1941), to permit Pennsylvania's state courts to determine whether the Election Code's sore loser provisions apply to presidential candidates.  Appellant subsequently filed a mandamus action in Commonwealth Court, averring that his name should be placed on the ballot for the 2016 General Election because the sore loser provisions do not apply to presidential candidates.  However, the

---

[3] In his brief, and contrary to his second amended complaint, Appellant states that since the 2016 General Election he has switched his registration to the Republican Party and plans to run in the Republican Primary Election in 2020. Regardless, Appellant challenges the provisions on their face and his party affiliation is immaterial to his claims.

Commonwealth Court denied Appellant's request, holding that, as a candidate for public office, the sore loser provisions applied to him. As a result, Appellant did not appear on the ballot for the 2016 General Election.

After the election, the District Court lifted the stay. Appellant then filed an amended complaint averring, among other things, that he intended to run in the Democratic Primary in 2020, and that if he is unsuccessful in the Democratic Primary, he intends to run for President as an independent candidate in the 2020 General Election.

The District Court first addressed its own jurisdiction to hear the case, given (1) the mootness issues raised by a challenge to procedures which, by their nature, will only cause a potential injury every four years and (2) the 2016 Election had already been held. The Court found that the Appellant's claims fell within the "capable of repetition yet evading review" exception to the mootness doctrine and were thus ripe for adjudication. In addition, the District Court dismissed the Election Officials' challenge to standing, finding that Appellant pled sufficient facts to establish a likelihood of future harm necessary to establish Article III standing.[4]

The Court then granted the Election Officials' 12(b)(6) motion to dismiss, determining that the sore loser and disaffiliation provisions were similar to state laws upheld by the Supreme Court in *Storer v. Brown*, 415 U.S. 724 (1974). Next, the District Court held that the restrictions placed on circulators of nomination petitions were

---

[4] The District Court also rejected the Election Officials' *res judicata* arguments. On appeal, Appellees no longer assert jurisdiction, ripeness, standing, or *res judicata* as grounds for dismissing Appellant's claims, though, as we discuss below, we have an independent obligation to evaluate our own jurisdiction over the case.

constitutional. The Court opined that the restrictions were justified by the associational rights of a political party to limit its nomination process to its own members. In reaching this conclusion, the District Court distinguished Pennsylvania's law restricting the right to participate in the primary process from the broader right to circulate petitions for ballot initiatives. *See Buckley v. Am. Const. Law Found., Inc.*, 525 U.S. 182, 197 (1999) (striking down a Colorado statute requiring initiative-petition circulators be registered voters). Lastly, the District Court rejected the Appellant's contention that any qualified voter, registered or not, should be permitted to participate in the candidate selection process. The Court, citing *Tashjian v. Republican Party of Conn.*, 479 U.S. 208 (1986), stated that Appellant's contention "runs counter to the well-established case law giving political parties broad leeway in establishing their associational boundaries." A. 26.

This appeal followed.

## II. DISCUSSION

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of an order dismissing a complaint plenary, and we apply the same test as the District Court did. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 415 (3d Cir. 2006). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

7

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

Appellant avers that Pennsylvania's "sore loser" provision, 25 Pa. Stat. & Cons.

Stat. Ann. § 2911(e)(5), and disaffiliation provisions, 25 Pa. Stat. & Cons. Stat. Ann. §§

2911(e)(6) and 2911.1, violate the First Amendment. Additionally, he avers that §

2869(a)'s registration requirement[5] violates the First and Fourteenth Amendments. These

arguments lack merit.

As to the sore loser and disaffiliation provisions, the Supreme Court upheld

similar California provisions in *Storer v. Brown*, 415 U.S. 724 (1974). The Court opined

---

[5] Although Appellant's complaint did not refer to § 2869(a)'s residency requirement, on appeal his brief refers to "state imposed restrictions requiring election petition circulators be residents and/or registered voters of a state," Appellant's Br. at 22, as unconstitutional. *See* Appellant's Br. at 22–24 (collecting cases). To the extent that his brief can be construed to challenge § 2869(a)'s residency requirement, he lacks standing to do so because the Department of State has officially announced that this provision will not be enforced. *See* Revised Form of Nomination Petitions and Instructions, 44 Pa. B. 862 (Feb. 8, 2014), https://www.pabulletin.com/secure/data/vol44/44-6/299.html; Petition Instructions at ¶ 3, http://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/PetitionInstruction.pdf. There is no suggestion that the State has deviated or intends to deviate from this policy.

Therefore, Appellant has not averred a credible threat of administrative or criminal enforcement of the statute. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (to establish a pre-enforcement injury, a plaintiff must allege a "credible threat of prosecution" under the statute); *cf. 1st Westco Corp. v. Sch. Dist. of Phila*, 6 F.3d 108, 113 (3d Cir. 1993) (challenger to validity of state statute may bring suit against the official who is charged with the statute's enforcement only if the official has enforced or threatened to enforce the statute against the plaintiff). We will therefore uphold the dismissal of Appellant's facial challenge to § 2869(a) as it pertains to the residency requirement, on the basis that Appellant lacks standing to challenge the provision. *See Williams v. Sec'y, Pa. Dep't of Corr.*, 848 F.3d 549, 572 (3d Cir. 2017) ("We may affirm a judgment on any ground apparent from the record, even if the district court did not reach it."). We address his challenge to § 2869(a)'s registration requirement *infra*.

8

that the sore loser provision furthered the aim of preventing "continuing intraparty feuds." *Id.* at 735. Moreover, the provision "effectuate[d] this aim, the visible result being to prevent the losers from continuing the struggle and to limit the names on the ballot to those who have won the primaries and those independents who have properly qualified." *Id.* Likewise, in considering the disaffiliation provision, the Court held that the provision expressed "a general state policy aimed at maintaining the integrity of the various routes to the ballot." *Id.* at 733. In doing so, the Court reasoned that the provision "protect[ed] the direct primary process by refusing to recognize independent candidates who do not make early plans to leave a party and take the alternative course to the ballot." *Id.* at 735. Thus, "the one-year disaffiliation provision furthers the State's interest in the stability of its political system." *Id.* at 736.

As the District Court noted, *Storer* differs from this case only in that California placed an earlier and more burdensome deadline for disaffiliation on candidates than Pennsylvania does. While the Supreme Court declined to create a bright line rule for testing this type of provision, the District Court correctly found that "the circumstances of the present matter align at nearly every point with the *Storer* decision." A. 22. The Court did not err in finding that *Storer* controlled, and thus properly dismissed Appellant's constitutional challenge to §§ 2911(e)(5), 2911(e)(6), and 2911.1.[6]

---

[6] Appellant contends that *Storer* was decided only with respect to candidates for Congress and is thus distinguishable because he was running for President. He bases his assertion on two cases: *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995) and *Anderson v. Celebrezze*, 460 U.S. 780 (1983). However, as the District Court aptly explained, these cases do not establish that presidential elections are special for purposes of evaluating the sore loser and disaffiliation provisions.

Appellant also argues that § 2869(a)'s registration requirement is unconstitutional. Section 2869(a) requires that electors be duly registered and enrolled as members of the same political party that is holding the primary. Appellant avers that this requirement violates the free speech rights of unregistered but qualified electors who want to circulate nominating petitions, as well as registered electors of a different party from the one identified on the petition. His arguments are unavailing.

"The First Amendment protects 'the freedom to join together in furtherance of common political beliefs.'" *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574 (2000) (quoting *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 214-15 (1986)). This "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." *Id.* (quoting *Democratic Party of U.S. v. Wis. ex rel. La Follette*, 450 U.S. 107, 122 (1981)). Moreover, "[i]n no area is the political association's right to exclude more important than in the process of selecting its nominee." *Id.* at 575. Accordingly, "the associational 'interest' in selecting the candidate of a group to which one does not belong . . . falls far short of a constitutional right, if indeed it can even be characterized as an interest." *Id.* at 575 n. 5.

While we have not spoken directly on the issue of registration requirements for petition circulators, the Court of Appeals for the Second Circuit had occasion to do so in *Maslow v. Board of Elections in the City of New York*, 658 F.3d 291 (2d Cir. 2011). There, the Court rejected a challenge to a nearly identical New York election law. Citing *Jones*, the Court emphasized the importance of a political party being able to exclude in the nominee selection process. *Id.* at 296. In addition, the Court opined that "Plaintiffs

10

are only restrained from engaging in speech that is inseparably bound up with the . . . plaintiffs' association with a political party to which they do not belong. As plaintiffs have no right to this association, they have no right to engage in any speech collateral to it." *Id.* at 298. Moreover, the Court concluded that "the State has a legitimate interest in protecting its political parties from party raiding." *Id.* The Second Circuit's reasoning is persuasive and applicable to the provision before us. The District Court was correct to dismiss Appellant's challenge to the registration requirement.

### III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment and order.